**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eduardo GONZALES–GALLEGOS,**
**Defendant—Appellant.**

No. 06–50416.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publi-     cation and is not precedent except as provid-

Submitted April 13, 2007 *.

Filed April 17, 2007.

Todd Robinson, Michael J. Crowley, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John Owen Lanahan, Esq., Law Offices of John O. Lanahan, San Diego, CA, for Defendant–Appellant.

Before: T.G. NELSON and SILVERMAN, Circuit Judges, and LEIGHTON **, District Judge.

## MEMORANDUM ***

Eduardo Gonzalez–Gallegos appeals his jury conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The defendant argues that the district court improperly excluded evidence of derivative citizenship—that his parents lived together after a California court granted his mother sole custody in a 1981 decree. We review the district court's exclusion of the evidence for an abuse of discretion. *United States v. Gonzalez–Torres,* 309 F.3d 594, 601 (9th Cir.2002). 8 U.S.C. § 1432(a)(3) applies only if the naturalized parent is legally separated and has legal custody. *Minasyan v. Gonzales,* 401 F.3d 1069, 1076 (9th Cir.2005). The parents' alleged informal shared physical custody arrangement is irrelevant. In this context, it is legal custody that counts. The district court did not abuse its discretion by excluding the evidence.

The defendant asserts that the district court erred in ruling that *Miranda* warnings were not required when officers stopped the defendant in his vehicle on the street and asked for identification. We review the district court's factual findings for clear error and denial of the motion to suppress de novo. *United States v. Butler,* 249 F.3d 1094, 1098 (9th Cir.2001). The defendant's claim fails as he was not in custody when officers stopped him and asked his identity. *Berkemer v. McCarty,* 468 U.S. 420, 436–42, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Nor was the question about identification interrogation for *Miranda* purposes. *United States v. Washington,* 462 F.3d 1124 (9th Cir.2006), *quoting Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *United States v. Foster,* 227 F.3d 1096, 1103 (9th Cir.2000). The district court did not err in holding that no custodial interrogation occurred until after the defendant was arrested and given *Miranda* warnings.

AFFIRMED.

---

ed by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.